UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60613-RAR

**BROWARD DESIGN CENTER, INC.**,

    Plaintiff,

v.

**SCOTTSDALE INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant Scottsdale Insurance Company's Motion to Dismiss Plaintiff's Complaint, Without Prejudice [ECF No. 6] ("Motion to Dismiss"). After carefully reviewing the Motion, Plaintiff's Response [ECF No. 12], and the record, Defendant's Motion is **DENIED** as explained herein.

Defendant argues that Section 627.70152 of the Florida Statutes, which became effective on July 1, 2021, requires dismissal of this action without prejudice under Section 627.70152(5) due to Plaintiff's failure to provide the requisite 10-day notice to Defendant before filing suit as set forth under Section 627.70152(3)(a). Mot. at 10; Fla. Stat. § 627.70152. Plaintiff argues that Section 627.70152 does not apply in the instant case because the statute was not in effect at the time the contract was written and does not apply retroactively per the Florida Supreme Court's holding in *Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873 (Fla. 2010). Resp. at 5.

As this Court recently explained in *Spyredes v. Scottsdale Ins. Co.*, No. 22-CV-60406 (S.D. Fla. Apr. 14, 2022), ECF No. 19, the Court is persuaded that "[e]ven if the Florida Legislature intended for retroactive application, a court must reject such an application if the statute impairs a

vested right, **creates a new obligation, imposes a new penalty, or attaches new legal consequences to events completed before the statutory enactment.**" *See Procraft Exteriors, Inc. v. Metropolitan Casualty Ins. Co.*, No. 2:19-CV-883-FTM-38MRM, 2020 WL 5943845, *2 (M.D. Fla. May 13, 2020) (citing *Menendez*, 35 So. 3d 873) (emphasis added). The Court is particularly persuaded by the reasoning set forth in *Dozois v. Hartford Insurance Company of the Midwest*, which explained that the pre-suit notice requirement under Section 627.70152(3)(a) "imposes new duties, obligations, and penalties; therefore, it does not apply retroactively[.]" No. 21-CV-951-TJC, 2022 WL 952734, at *3 (M.D. Fla. Mar. 30, 2022); *see also Rosario v. Scottsdale Ins. Co.*, No. 21-24005-CIV, 2022 WL 196528, at *2 (S.D. Fla. Jan. 21, 2022) (holding same). Thus, Defendant's Motion to Dismiss must be denied on these grounds.

Accordingly, for the aforementioned reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [ECF No. 6] is **DENIED.**

2. Further, given that this matter appears to involve a dispute as to the scope of coverage, the parties may be inclined to pursue appraisal. Accordingly, on or before **April 26, 2022**, the parties shall file a status report indicating whether they wish to resolve this claim through appraisal or are otherwise able to reach a settlement agreement—in which case the Court will enter an order administratively closing the case to allow the parties time to settle this matter.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of April, 2022.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**